UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 06-22699-Civ-Highsmith/McAliley

SAMIRA GHAZAL,

    Plaintiff,
v.

RJM ACQUISITIONS FUNDING, LLC

    Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO DISMISS
### DEFENDANT'S AMENDED COUNTERCLAIM

This cause is before the Court upon Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim [DE 11]. For the reasons set forth below, the Plaintiff's Motion to Dismiss the Amended Counterclaim is DENIED.

### Procedural Background

The Plaintiff originally brought her complaint against the Defendant alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et. seq ("FDCPA"). The Defendant then filed a counterclaim asserting breach of contract claim, a claim to reestablish lost documents, claims for account stated and an open account; relying upon the doctrine of recoupment and issues of state and federal law. The Defendant states that this Court has sufficient grounds to assert supplemental jurisdiction over their counterclaim. In response to RJM's counterclaim, the Plaintiff has filed a motion to dismiss Defendant's counterclaim for lack of subject matter jurisdiction under 28 U.S.C. §1367.

<u>Factual Background</u>

In January 1997, the Plaintiff allegedly opened a credit card account with (SB), N/A/HSBC ("HSBC")In 1997, the Plaintiff opened a credit card account contract with Household Bank (SB), N/A/HSBC ("HSBC"). This contract contained a choice of law provision stating that the contract and Plaintiff's account are to be governed under the federal laws of the State of Nevada, regardless of the account-holder's residency. Through this contract, an open end line of credit was extended to the Plaintiff. Defendant claims that the Plaintiff incurred consumer debt with HSBC. HSBC then sold a number of its accounts to the Defendant through a purchase and sale agreement. Defendant alleges that this also included Plaintiff's debt.  The Defendant then attempted to collect the Plaintiff's alleged debt by sending an original dunning letter. The Plaintiff responded to this letter by disputing the validity of the debt. According to the Plaintiff, the Defendant continued to attempt to collect on the debt and reported the debt to a credit agency. The Plaintiff alleges these collection practices violated the FDCPA.  The Defendant's counterclaim asserts a claim for reestablishment of a lost document, a breach of contract claim, and claims for account stated and open account.

<u>Standard of Review</u>

The U.S. Supreme Court recently abrogated the standard for a motion to dismiss set out in <u>Conley v. Gibson</u>.  <u>Bell Atlantic Corp. v. Twombley</u>, 550 U.S. __ (2007).  The <u>Conley</u> rule states a motion to dismiss can not be granted "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." Conley v. Gibson, 355 US 41, 45-46 (1957).  Applying the Conley standard, the Eleventh Circuit has stated that all "well pleaded" facts and reasonable inferences from those facts are presumed to be true by a court.  Oladeinde v. City of Birmingham, 963 F.2d 1481 (11th Cir. 1992).  However, in Bell Atlantic Corp. v. Twombley, the Supreme Court held, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Twombley, 550 U.S. at 8.  Furthermore, "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do so."  Id.

## DISCUSSION

Here, the facts stipulated by both Plaintiff and Defendant stem from an alleged debt, and whether practices used to collect on the debt violated a federal statute.  The Defendant asserts both state and federal law claims, and has invoked the Court's federal question jurisdiction with regard to the practices used to collect a debt, governed by FDCPA. The Plaintiff argues that the Defendant's counterclaim is not compulsory under supplemental jurisdiction, and thus, should not be allowed.

   A. Supplemental Jurisdiction

       1. Case or Controversy

Section 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  More specifically, supplemental jurisdiction permits a court may hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently.

Under Article III, supplemental jurisdiction governs counterclaims that are compulsory in nature.  The constitutional 'case or controversy' standard refers to those cases in which "the state law claims arise out of a common nucleus of operative fact along with the substantial federal claim." Parker v. Scrap Metal Processors, Inc., 468 F. 3d 733, 742-43 (11th Cir. 2006) (internal citation omitted).  Whether or not the "common nucleus" standard provides the outer limit of an Article III "case," and is therefore a requirement for entertaining a permissive counterclaim that otherwise lacks a jurisdictional basis, the facts of Defendant's counterclaim and those of the Plaintiff's FDCPA claims satisfy that standard, even though the relationship is not such as would make the counterclaims compulsory.  The counterclaim and the underlying claim bear a sufficient factual relationship (if one is necessary) to constitute the same "case" within the meaning of Article III and hence of § 1367.

Defendant's counterclaim for recoupment is construed liberally when determining whether it arises out of the same transaction.  Vari-Build, Inc. v. City of Reno, 622 F.Supp. 97, 100 (D. Nev. 1985).  Only a logical relationship between the two claims is required.  Id. Moreover, Plaintiff's assertion that the statute of limitations is a bar to the defense of

recoupment is without merit. "[A]s a general matter, a defendant's right to plead 'recoupment,' a 'defense arising out of some feature of the transaction upon which the plaintiff's action is grounded,' survives the expiration of the period provided by a statute of limitation that would otherwise bar the recoupment claim as an independent cause of action." Beach v. Ocwen Federal Bank, 523 U.S. 410, 415 (1998) (internal citations and quotations omitted). "So long as the plaintiff's action is timely, a defendant may raise a claim in recoupment even if he could no longer bring it independently, absent 'the clearest congressional language' to the contrary." Id. Accordingly, both the FCRA claim and the counterclaim bear a logical relationship to one another, as they both originate from the Plaintiffs' 1997 Contract with HSBC.

2. Discretion

Satisfying the constitutional "case" standard of subsection 1367(a), however, does not end the inquiry a district court is obliged to make when considering whether to exercise supplemental jurisdiction. A trial court must consider whether any of the four grounds set out in subsection 1367(c) are present to an extent that would warrant the exercise of discretion to decline assertion of supplemental jurisdiction. Subsection 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Clearly the exception set forth in subsection 1367(c)(1) does not apply since the counterclaim does not raise a novel or complex issue of state law.  The doctrine of recoupment is an established counterclaim, and recovery for underlying debt in this case is not too complex or novel for this court to hear. Nor does subsection 1367(c)(3) apply since we have not dismissed all claims over which it has original jurisdiction. That leaves subsections 1367(c)(2), permitting declination of supplemental jurisdiction where "the [counter]claim substantially predominates over the claim or claims over which the district court has original jurisdiction," and 1367(c)(4), permitting declination "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction." Neither is applicable in this case.  While the defendant does assert state law claims in the counterclaim, these claims are subordinate to the main issues surrounding the debt and violations of the FDCPA. They do not predominate over the main counterclaim regarding Federal law.  Although the Plaintiff did not list exceptional circumstances, this Court could decline supplemental jurisdiction under §1367(c)(4), for compelling reasons such as public policy.  However, there are inherently important reasons both economically and socially to hear Defendant's counterclaim.  First, it is economically prudent and time efficient to hear two causes of action in one suit, rather than a refilling of this cause of action in a separate complaint. Second, this court cannot decline supplemental jurisdiction over the counterclaim where standing exists.

## CONCLUSION

Therefore, it is hereupon,

ORDERED AND ADJUDGED that the Plaintiff's Motion to Dismiss Counterclaim is DENIED. Plaintiff shall have up to and including July 1st, 2008 in which to file her Answer to Defendant's Amended Counterclaim.

DONE AND ORDERED in Chambers in Miami, Florida this <u>16th</u> day of June, 2008.

                                                                          _____
                                                                          SHELBY HIGHSMITH
                                                                          UNITED STATES DISTRICT JUDGE

cc:     Counsel of record